OPINION
{¶ 1} Plaintiff-appellant Wells Fargo Financial Leasing, Inc. ("Wells Fargo") appeals the January 19, 2006 Entry entered by the Perry County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Ameriquest Mortgage Company ("Ameriquest").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 23, 1991, Barbara Ann Roberts acquired legal title to real property located at 127 Church Street, Corning, Perry County, Ohio. Between 1999, and 2000, Roberts married Richard Rinard. Roberts took Rinard's last name and became known as "Barbara A. Rinard". Roberts and Rinard leased equipment from Telmark, LLC, predecessor in interest to Wells Fargo. Roberts and Rinard subsequently defaulted on the Telemark lease, which resulted in a judgment against them jointly and severally, in the amount of $33, 475.20, plus interest and costs. On or about May 1, 2000, Wells Fargo filed and recorded a Certificate of Judgment in Perry County, Ohio which identified "Barbara A. Rinard" and "Richard Rinard" as the judgment debtors. Wells Fargo renewed the Certificate of Judgment on or about April 25, 2005.
 {¶ 3} During the summer of 2003, Roberts approached Ameriquest about refinancing the mortgage loan securing the Church Street property. Roberts was divorced from Rinard at the time she sought the refinancing from Ameriquest, and had returned to using the sir name, "Roberts". In order to obtain the financing from Ameriquest, Roberts executed a Uniform Residential Loan Application and Addendum. Roberts disclosed the Telmark judgment on the Addendum. At the closing on August 22, 2003, Roberts executed a Statement of Identity which included a section entitled, "Prior Marriage(s)". Within that section, Roberts indicated her prior marriage to Richard Rinard. Roberts also executed a promissory note and mortgage in favor of Ameriquest, which was recorded on September 4, 2003.
 {¶ 4} On June 10, 2005, Wells Fargo filed a Complaint to Foreclose its Certificate of Judgment Lien. Wells Fargo asserted its judgment lien, as of the time of filing and subject only to real estate taxes, was the first and best lien upon Roberts' property. Wells Fargo named Ameriquest as a defendant in the action. On July 14, 2005, Wells Fargo filed a Motion for Summary Judgment against Roberts, seeking a judgment ordering the marshalling of the liens and foreclosure of the property. Wells Fargo moved for default judgment against Ameriquest on August 9, 2005. The trial court granted default judgment on August 10, 2005. On September 13, 2005, Ameriquest filed a Motion for Relief from Default Judgment, which the trial court granted. Ameriquest subsequently filed an amended answer, cross-claim, and counterclaim on October 7, 2005.
 {¶ 5} On October 14, 2005, the trial court granted Wells Fargo's Motion for Summary Judgment, which included Civ.R. 54(B) language. Ameriquest filed a Motion for Summary Judgment on October 14, 2005. Wells Fargo filed a memorandum in opposition thereto. The parties filed a joint stipulation, which attached and identified certain business records of Ameriquest as a properly authenticated business record. Via Entry filed January 19, 2006, the trial court granted summary judgment in favor of Ameriquest.
 {¶ 6} It is from this entry Wells Fargo appeals, raising the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE AMERIQUEST MORTGAGE COMPANY'S MOTION FOR SUMMARY JUDGMENT AGAINST APPELLANT WELLS FARGO FINANCIAL LEASING, INC."
 {¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 9} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 STANDARD OF REVIEW {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 11} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 13} It is based upon this standard we review Wells Fargo's assignment of error.
 I {¶ 14} Herein, Wells Fargo challenges the trial court's granting of summary judgment in favor of Ameriquest. Wells Fargo sets forth two grounds upon which it predicates its argument the decision was erroneous. First, Wells Fargo submits the October 14, 2005 Entry, which granted summary judgment in its favor and against Roberts, barred Ameriquest from challenging the priority of the liens. Additionally, Wells Fargo maintains a genuine issue of material fact exists as to whether Ameriquest was on notice regarding Wells Fargo's judgment lien. We shall address each in turn.
 {¶ 15} As mentioned supra, Wells Fargo contends the October 14, 2005 Entry, which granted summary judgment in its favor and against Roberts, barred Ameriquest from re-litigating the priority of the liens. We disagree.
 {¶ 16} A foreclosure order which does not establish the priorities of all interests in a subject property is not a final, appealable order. See, Gaul v. Leeper (July 15, 1993), Cuyahoga App. No. 63222, unreported; State Ex Rel Montgomery v. Ohio CastProducts, Inc. (June 26, 2000), Stark App. 1999CA00394, unreported.
 {¶ 17} We conclude the trial court's October 14, 2005 Entry was not a final appealable order. The Entry merely reads: "There is no genuine issue as to any material fact and further . . . reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the Motion for Summary Judgment is made [Roberts] and * * * the moving party [Wells Fargo] is entitled to judgment as a matter of law: [this court] hereby grants the Motion for Summary Judgment in favor of [Wells Fargo]." October 14, 2005 Entry. At most, the trial court determined Wells Fargo had a valid lien against the subject premises and was entitled to a future order of foreclosure. We further note, although the October 14, 2005 Entry included Civ.R. 54(B) "No just reason for delay" language, we find this language alone does not render the entry appealable. Chef Italiano Corp.v. Kent State University (1989), 44 Ohio St.3d 86, 89.
 {¶ 18} Because the October 14, 2005 entry was not a final appealable order, it was subject to reconsideration by the trial court and such did not preclude Ameriquest from litigating the priority of the liens. Accordingly, we overrule this portion of Wells Fargo's assignment of error.
 {¶ 19} We shall now address the second prong of Wells Fargo's assignment of error. Wells Fargo submits, based upon the evidence presented, genuine issues of material fact exist which rendered the trial court's granting of Ameriquest's summary judgment improper. We agree.
 {¶ 20} The evidence presented established when Roberts submitted the loan application and addendum to Ameriquest, she specifically referenced the Telemark judgment lien. Roberts also provided Ameriquest with a Statement of Identity, upon which she indicated she had previously been married and her former spouse's name was Richard Rinard. Construing this evidence most favorably toward Wells Fargo, we find such to be sufficient evidence from which reasonable minds could differ as to whether Ameriquest had actual knowledge of Roberts' prior name and; therefore, the Wells Fargo judgment lien. As such, we sustain this portion of Wells Fargo's assignment of error.
 {¶ 21} The judgment of the Perry County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to Ameriquest.